UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RICHARD BROWN TAUMOEPEAU,

        Petitioner,                     Case No. 1:22-cv-381

v.                                         Hon. Hala Y. Jarbou

RICHARD LUNA,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a federal prisoner under 28 U.S.C. § 2241. Petitioner Richard Brown Taumoepeau is currently incarcerated at the Federal Correctional Institution (FCI) in Berlin, New Hampshire.[1] In his § 2241 petition, Petitioner asserts one claim for relief—that his release date has been miscalculated and that he should have received the maximum amount of good conduct time (GCT) available (54 days per year) for the entirety of his time served. (ECF No. 1, PageID.38, 40.)

The Court directed Respondent to answer the petition in an order (ECF No. 4) entered on May 17, 2022. Respondent filed his response on July 15, 2022. (ECF No. 6.) Respondent contends that Petitioner's § 2241 petition should be denied and dismissed because: (1) Petitioner failed to exhaust his administrative remedies; and (2) Petitioner received a reduced amount of good time for the 13 years during which he was not making satisfactory progress toward a high school

---

[1] When Petitioner filed his § 2241 petition, he was incarcerated at the now-closed North Lake Correctional Institution in Baldwin, Michigan. He was transferred to FCI Berlin in July of 2022. (ECF No. 11.)

diploma or General Equivalency Diploma (GED). (*Id.*, PageID.55.) For the following reasons, the Court will deny Petitioner's § 2241 petition.

## Discussion

### I.     Background

On January 18, 2000, the United States District Court for the District of Hawaii sentenced Petitioner to serve 40 years' imprisonment following his conviction for conspiracy to possess with intent to distribute in excess of 5 kilograms of cocaine. (Gandy Decl. ¶ 3, ECF No. 9, PageID.112–13.) On May 9, 2016, that court reduced Petitioner's sentence to 345 months' imprisonment. (*Id.*) The Bureau of Prisons (BOP) credited Petitioner with 732 days of presentence custody credit and projected that he would earn 1,396 days of GCT. (*Id.* ¶ 4, PageID.113.) Petitioner's current projected release date is December 20, 2022. (ECF No. 9, PageID.133.)

Under the Prison Litigation Reform Act, inmates within the BOP "must have a high school diploma/GED or be making satisfactory progress toward that end in order to earn the full 54 days of GCT a year." (Gandy Decl. ¶ 5, PageID.113.) Inmates who are subject to final orders of removal, however, are exempt from this requirement. (*Id.*) Moreover, inmates who do not make satisfactory progress can only receive up to 42 days of GCT per year. (ECF No. 9, PageID.138.)

Petitioner is subject to a detainer by Immigration and Customs Enforcement (ICE); however, he is not subject to a final order of removal. (Gandy Decl. ¶ 8, PageID.114.) Furthermore, Petitioner does not have a high school diploma or GED. (*Id.*) While Petitioner is currently making satisfactory progress toward a high school diploma or GED, he was not making satisfactory progress for 13 years, between 2002 and 2015. (*Id.* ¶ 7.) Because of this, Petitioner only received 42 days of GCT for the period from January 17, 2002, through January 16, 2015. (*Id.*) He re-enrolled in the GED program in 2015, began making satisfactory progress, and earned 54 days of GCT per year for the period from January 17, 2015, through January 16, 2022. (*Id.* ¶¶ 8–9.)

During his incarceration, Petitioner has submitted two administrative remedy requests. (Grimsley Decl. ¶ 6, ECF No. 6-2, PageID.105.) In 2015, Petitioner filed an administrative remedy request asking to receive the full 54 days of GCT available. (ECF No. 6-2, PageID.108.) Petitioner, however, did not appeal the denial of that remedy. (Grimsley Decl. ¶ 6.) Moreover, the North Lake Correctional Facility had a distinct and separate administrative remedy program; Petitioner never submitted an administrative remedy request during his incarceration there. (*Id.* ¶ 7.)

As noted *supra*, Petitioner raises one issue in his § 2241 petition. Petitioner contends that his projected release date used to be July 17, 2022, and that it has been erroneously calculated to now fall in December of 2022. (ECF No. 1, PageID.38.) Petitioner contends that he met all the requirements for satisfactory progress toward a GED and, therefore, should have received a full 54 days of GCT for each year he has been incarcerated. (*Id.*, PageID.38, 40.) Petitioner requests that the Court grant his § 2241 petition and order the BOP to calculate and correct the application of GCT to his sentence, providing him with the full 54 days of GCT per year.

**II.    Discussion**

    **A.    Exhaustion of Administrative Remedies**

Respondent first contends that the Court should dismiss Petitioner's § 2241 petition because he failed to exhaust his administrative remedies. (ECF No. 6, PageID.56.)  A habeas petitioner is required to exhaust his or her administrative remedies prior to filing a § 2241 petition. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). Failure to exhaust is an affirmative defense that must be pled and proven by the respondent. *See id.*

The BOP's administrative remedy procedure allows an inmate to "seek formal review of a complaint which relates to any aspect of his imprisonment if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10. Under this procedure, "a prisoner who seeks administrative review of a complaint concerning the BOP must apply to the warden or community

corrections manager, to the Regional Director, and to the Office of General Counsel for relief." *Cortez v. Fed. Bureau of Prisons*, No. 2:22-cv-10430, 2022 WL 4491057, at *3 (E.D. Mich. Sept. 27, 2022) (citing *Mazzanti v. Bogan*, 866 F. Supp. 1029, 1032 (E.D. Mich. 1994) and 28 C.F.R. §§ 542.11, 542.13, and 542.15).

Petitioner contends that he exhausted his administrative remedies by submitting a letter request relating to his sentence calculation. (ECF No. 1, PageID.42; ECF No. 1-3, PageID.21–23.) The record before the Court, however, reflects that Petitioner has not exhausted any administrative remedy related to the issue raised in his § 2241 petition via the BOP procedure set forth above. In 2015, Petitioner did file an administrative remedy request related to the calculation of his GCT at the facility level. (Gandy Decl. ¶ 10, ECF No. 9, PageID.114.) While Petitioner received a response denying that request, he did not appeal to the Regional and Central Offices. (*Id.*; Grimsley Decl. ¶ 6, ECF No. 6-2, PageID.105.) Moreover, while the North Lake Correctional Facility has an administrative remedy program that is separate from the BOP procedure set forth above, Petitioner never filed any administrative remedy request pursuant to that program while he was incarcerated there. (Grimsley Decl. ¶ 6.)

Upon consideration of the record, the Court agrees with Respondent that Petitioner failed to exhaust his administrative remedies prior to filing his § 2241 petition. Petitioner has not demonstrated that it would have been futile for him to pursue those remedies or that the administrative remedy process could not have provided the relief he requests. *See McKart v. United States*, 395 U.S. 185, 200 (1969). For that reason alone, Petitioner's § 2241 petition must be denied. Nevertheless, the Court has considered the merits of his claim below.

**B.     Entitlement to GCT**

The First Step Act of 2018 amended 18 U.S.C. § 3624(b), the statute providing for GCT, to allow the BOP to award 54 days of GCT for every year of the sentence imposed, an increase of

4

7 days per year from the prior maximum possible amount of 47 days. Section 3624(b) now states in pertinent part:

> [A] prisoner who is serving a term of imprisonment of more than 1 year[] other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of that prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . **In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree**.

18 U.S.C. § 3624(b) (emphasis added) (footnote omitted). For inmates like Petitioner who are serving a sentence for an offense committed on or after April 26, 1996, the BOP will award:

> (i) Up to 54 days of GCT credit for each year of the sentence imposed, applied on the anniversary date of his or her imposed sentence, if the inmate has earned or is making satisfactory progress toward earning a high school diploma, equivalent degree, or Bureau-authorized alternative program credit; or
>
> (ii) Up to 42 days of GCT credit for each year of the sentence imposed, applied on the anniversary date of his/her imposed sentence, if the inmate does not meet conditions described [above].

28 C.F.R. § 523.20(d)(2)(i)–(ii). For purposes of § 3624(b), an inmate is considered to be making satisfactory progress toward earning a high school diploma or GED unless: (1) the inmate refuses to enroll in the program; (2) the inmate has withdrawn from the program; and (3) the inmate "has been found to have committed a prohibited act that occurred in a literacy program during the last 240 instructional hours of the inmate's most recent enrollment in the literacy program." 28 C.F.R. § 544.73(b)(1). A noncitizen inmate "who is subject to a final order of removal, deportation, or exclusion[] is not required to participate in a literacy program to earn yearly awards of GCT credit." *Id.* § 523.20(d)(3).

The BOP records provided by Respondent indicate that Petitioner withdrew from the GED program on March 25, 2002. (ECF No. 9, PageID.145.) Petitioner continued to refuse to rejoin the

5

GED program until March 19, 2015, when he accepted "encourag[ment] to enroll in class." (*Id.*, PageID.144.) Because of Petitioner's withdrawal from and refusal to participate in the GED program during that period of time, he was eligible to receive, at most, 42 days of GCT for each of those years. Furthermore, Petitioner is not subject to a final order of removal or deportation and, therefore, is required to participate in a literacy program to receive yearly awards of GCT credit. *See De La Cruz v. Zickefoose*, 450 F. App'x 123, 126 (3d Cir. 2011) (agreeing that the inmate-petitioner, who was not subject to a final removal order, was only entitled to 42 days of GCT during 2007 and 2008 because he did not make satisfactory progress toward a GED); *Gonzalez-Morales v. Farley*, No. CIV-19-9-SLP, 2019 WL 4941367, at *1 n.2 (W.D. Okla. May 24, 2019) (noting that the petitioner, who was not subject to a final removal order and who had dropped out of the GED program, was not entitled to the full 54 days of GCT), *Report and Recommendation adopted*, 2019 WL 4237759 (W.D. Okla. Sept. 6, 2019). Once Petitioner "withdrew from the literacy program, the BOP was authorized by statute and regulation to reduce his annual good conduct time earning rate from 54 to 42 days." *Rodriguez v. Johns*, No. 5:17-cv-134, 2018 WL 4102854, at *4 (S.D. Ga. July 26, 2018), *Report and Recommendation adopted*, 2018 WL 4100695 (S.D. Ga. Aug. 28, 2018).

The 12 additional days of GCT "are an incentive, not a right." *Anita v. Dir. of Bureau of Prisons*, No. 4:11 CV2541, 2012 WL 3815632, at *2 (N.D. Ohio Sept. 4, 2012). From January 17, 2002, through January 16, 2015, Petitioner earned the maximum allowable 42 days of GCT. (ECF No. 9, PageID.150.) He is not entitled to 12 additional days for each of those years because he was not satisfactorily pursuing a high school diploma or GED during that time. The BOP, therefore, correctly calculated the amount of GCT to which Petitioner is entitled. Moreover, because

6

Petitioner is not entitled to additional GCT, he is not entitled to an earlier release date. Petitioner's argument lacks merit, and his § 2241 petition will be denied.

## Conclusion

For the reasons discussed above, Petitioner failed to exhaust his administrative remedies prior to filing his § 2241 petition. Moreover, Petitioner has failed to demonstrate any error in the BOP's calculation of his GCT and projected release date. Accordingly, the Court will enter a judgment denying Petitioner's § 2241 petition.[2]

Dated: October 19, 2022                  /s/ Hala Y. Jarbou
                                         HALA Y. JARBOU
                                         CHIEF UNITED STATES DISTRICT JUDGE

---

[2] In § 2241 cases involving federal prisoners, the Court need not address whether to grant a certificate of appealability. *See Witham v. United States*, 355 F.3d 501 (6th Cir. 2004).